UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL ARCHER,<br><br>             Plaintiff,<br><br>        v.<br><br>RETAIL BRAND ALLIANCE, INC.,<br><br>             Defendant. | Civil Action No.  1:09-cv-10676-RWZ |

## ANSWER

Defendant Retail Brand Alliance, Inc. ("RBA") hereby responds to Plaintiff's Complaint as follows:

### I.      PARTIES

1.      Defendant is without sufficient information to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2.      Defendant admits that Retail Brand Alliance, Inc. is a Delaware corporation with a principal place of business at 100 Phoenix Avenue, Enfield, Connecticut 06083.  Defendant denies the remaining allegations of the first sentence of Paragraph 2.  Defendant admits the remaining allegations of Paragraph 2.

### II.     JURISDICTION

3.      Defendant states that Paragraph 3 consists of legal conclusions to which no reply is necessary.  To the extent a reply is necessary, Defendant denies the allegations of Paragraph 3.

### III.    FACTS COMMON TO ALL COUNTS

4.      Defendant admits that it owns and manages retail stores styled "Brooks

Brothers," and that it has a store at 75 State Street, Boston, Massachusetts 02109. Defendant denies the remaining allegations of Paragraph 4.

    5.    Defendant admits that Plaintiff was an employee at the Brooks Brothers store located at 75 State Street, Boston, Massachusetts 02109 and that during periods of his employment he worked as a sales associate and then as a "Key Holder." Defendant denies the remaining allegations of Paragraph 5.

    6.    Defendant admits that Plaintiff was associated with certain customers contained in Brooks Brothers' "clientelling" system. Defendant denies the remaining allegations of Paragraph 6.

    7.    Defendant admits that it paid Plaintiff by way of a combination of a straight salary and commission-based pay. Defendant denies the remaining allegations of Paragraph 7.

    8.    Defendant admits the allegations of Paragraph 8.

    9.    Defendant admits that, subsequent to Plaintiff's resignation, letters inadvertently went out to many Brooks Brothers customers, including customers whom Plaintiff was associated with who were contained in Brooks Brothers' clientelling system, informing them of a "Preferred Customer Event" that took place from October 31, 2008 through November 9, 2008, and that the letters to customers associated with Plaintiff contained Plaintiff's name. Defendant denies the remaining allegations of Paragraph 9.

    10.    Defendant admits that, in connection with its October 31, 2008 through November 9, 2008 "Preferred Customer Event," letters inadvertently went out to many Brooks Brothers customers, including customers whom Plaintiff was associated with who were contained in Brooks Brothers' clientelling system, and that the letters to customers

associated with Plaintiff contained Plaintiff's name. Defendant denies the remaining allegations of Paragraph 10.

11. Defendant states that Paragraph 11 refers to a document, the contents of which are apparent and speak for themselves. To the extent that Paragraph 11 purports to characterize the content of that document, Paragraph 11 does not consist of factual allegations to which Defendant is required to reply. To the extent a reply is necessary, Defendant admits that the letter was inadvertently sent to particular Brooks Brothers' customers whom Plaintiff was associated with who were contained in Brooks Brothers' clientelling system, and that such letter contained Plaintiff's name and facsimile signature. Defendant denies the remaining allegations of Paragraph 11.

## Count I
**(G.L. c. 214 § 3A)**

12. Defendant incorporates its responses to Paragraphs 1 through 11 as if set forth fully herein.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant admits that Plaintiff did not consent in writing that Defendant send out letters containing his name. Defendant denies the remaining allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

## Count II
**(G.L. c. 214 § 1B)**

18. Defendant incorporates its responses to Paragraphs 1 through 17 as if set

forth fully herein.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

## Count III
### (G.L. c. 93A § 9)

21. Defendant incorporates its responses to Paragraphs 1 through 20 as if set forth fully herein.

22. Defendant incorporates its responses to Paragraphs 1 through 29 as if set forth fully herein. Further responding, the Complaint does not contain Paragraphs 30 through 39, and therefore no response can be made to Plaintiff's reference to them. To the extent a reply is necessary, Defendant denies the allegations of Paragraph 22.

23. Defendant states that Paragraph 23 consists of legal conclusions to which no reply is necessary. To the extent that a reply is necessary, Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant states that Paragraph 25 consists of legal conclusions to which no reply is necessary. To the extent that a reply is necessary, Defendant denies the allegations of Paragraph 25.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant states that Paragraph 28 refers to a document, the contents of which are apparent and speak for themselves. To the extent that Paragraph 28 purports to characterize the content of that document, Paragraph 28 does not consist of factual allegations to which Defendant is required to reply. To the extent a reply is necessary,

Defendant denies the remaining allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

Defendant responds that the paragraph headed "WHEREFORE" and the subparagraphs denoted a. through g. following Paragraph 29 consist of legal conclusions to which no reply is necessary. To the extent a reply is necessary, Defendant denies the allegations and demands contained the paragraph headed "WHEREFORE" and the subparagraphs denoted a. through g.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged actions that occurred outside the applicable statutes of limitations, such claims are barred.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by his failure to satisfy all conditions precedent to filing said claims, as required by applicable laws.

### FOURTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff seeks to recover for any act or omission not timely referenced in any written demand or complaint, Plaintiff may not recover any relief for such alleged act or omission.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred because he failed to exercise reasonable diligence in mitigating his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to exercise reasonable diligence to avoid harm.

## SEVENTH AFFIRMATIVE DEFENSE

Any and all actions by Defendant were taken for legitimate reasons and consistent with business necessity.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's allegations under Mass. Gen. Laws c. 93A are barred, in whole or in part, because that statute does not apply to employment related disputes.

## NINTH AFFIRMATIVE DEFENSE

Defendant, at all times relevant to this action, acted in good faith and in full compliance with all applicable laws and duties.

## TENTH AFFIRMATIVE DEFENSE

Defendant are not liable to the extent that any of Defendant's individual employees or agents acted outside the course and scope of his or her employment.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrines of waiver, laches and/or estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First and Fourteenth Amendments to the United States Constitution and/or Part I, Article XVI of the Massachusetts Declaration of Rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all relevant times, RBA exercised reasonable care to prevent and correct promptly any unlawful behavior, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

RBA had a legitimate business interest in disclosing facts regarding Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any facts disclosed by RBA regarding Plaintiff were not of a highly personal or intimate nature.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any cognizable damages because of RBA's actions or omissions and, to the extent that Plaintiff did suffer any damages, such damages were *de minimis*.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any alleged use of Plaintiff's name by RBA was for legitimate, non-commercial reasons.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any alleged use of Plaintiff's name by RBA was incidental.

### NINETEENTH AFFIRMATIVE DEFENSE

Any alleged conduct by RBA was not done deliberately, knowingly and/or intentionally.

### TWENTIETH AFFIRMATIVE DEFENSE

Any alleged conduct by RBA was not done deliberately, knowingly and/or intentionally.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive, exemplary or liquidated damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees and/or costs.

                                      Respectfully submitted,

                                      RETAIL BRAND ALLIANCE, INC.

                                      By its Attorneys,

                                      /s/ Stephen T. Melnick

                                      Michael Mankes (No. 662127)
                                      Stephen T. Melnick (No. 667323)
                                      LITTLER MENDELSON, P.C.
                                      One International Place, Suite 2700
                                      Boston, MA  02110
                                      Tel:  (617) 378-6000
                                      Fax:  (617) 737-0052
                                      mmankes@littler.com
Dated:  May 4, 2009                      smelnick@littler.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 4th day of May, 2009 a true and accurate copy of the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated:  May 4, 2008                                    /s/ Stephen T. Melnick
                                                                     Stephen T. Melnick

Firmwide:89738051.1 052232.1024